GRIMES, Chief Justice,
dissenting.
I regret that no one filed briefs to assist us in our deliberations on the proposed amendment. Notwithstanding, I have concluded that the ballot summary is not fatally defective.
The ballot summary is not as precise as it could be. However, the summary is only required to state the chief purpose of the measure and cannot exceed seventy-five words in length. § 101.161, Fla.Stat. The ballot summary “need not explain every detail or ramification of the proposed amendment.” Advisory Opinion to the Attorney Gen., 592 So.2d 225, 228 (Fla.1991).
I do not believe the summary would mislead the voters because of its failure to mention pardon and clemency. Persons wishing to “stop the early release of prisoners” would hardly vote against the amendment simply because the possibility of pardon and clemency continued to exist.
The majority correctly observes that passage of the amendment would undoubtedly require the legislature to raise additional revenue to build new prisons. However, I cannot fault the summary for not pointing out this obvious result. Likewise, I see no need for the summary to point out that the amendment would limit the authority of the parole and probation commission to grant paroles or early release.
While I personally believe that constitutional amendment by initiative is being overused, I cannot say that this one fails to meet the requirements of having a single subject and a fair ballot summary.
I respectfully dissent.
SHAW, J., concurs.